IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JACKLYN HYONK LEE** and **JONGBUM PAK**, | Case No. 3:21-cv-94-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **RICHARD MILLER,** Portland Field Office Director, U.S. Citizenship and Immigration Services; **ALEJANDRO MAYORKAS,** Secretary, Department of Homeland Security; and **MERRICK B. GARLAND,** U.S. Attorney General, | |
| Defendants. | |

Sam Asbury, IMMIGRATION SOLUTIONS, INC., PO Box 553, Fairview, OR 97024. Of Attorney for Plaintiffs.

Scott Erik Asphaug, Acting United States Attorney, and Alison Milne, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Ave., Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs Jacklyn Hyonk Lee (Lee) and her husband Jongbum Pak (Pak) (collectively,

Plaintiffs) bring this lawsuit alleging that Defendants, U.S. government officials, violated

Plaintiffs' Fifth Amendment Due Process rights and the Administrative Procedure Act (APA).

Plaintiffs' claims arise out of the U.S. Citizenship and Immigration Services' (USCIS) denial of Lee's I-130 immigrant petition on behalf of Pak, and Pak's I-485 application for permanent residency. Defendants move to stay all proceedings in this action while the Bureau of Immigration Appeals (BIA) considers a motion by USCIS to reopen administrative review of Lee's petition for remand to USCIS for further proceedings and then pending re-adjudication at the administrative level if USCIS' motion is granted. For the reasons discussed below, Defendants' motion is GRANTED.

## BACKGROUND

Pak, a citizen of South Korea, was the beneficiary of an I-130 petition with his first wife in 2011. USCIS denied the 2011 I-130 petition because it determined there was insufficient evidence establishing the bona fides of marriage. USCIS, however, stopped short of making an affirmative finding that Pak's first marriage was fraudulent in the adjudication of the 2011 I-130 petition.

Pak and Lee have been married since September 9, 2014. Lee, a United States citizen, filed the instant I-130 petition (the Instant Petition) on behalf of Pak in December 2016. In the adjudication of the Instant Petition, USCIS found Plaintiffs' current marriage to be bona fide. Nevertheless, USCIS denied the Instant Petition. The agency based its denial on a finding, made for the first time in the 2017 adjudication of the Instant Petition, that Pak's first marriage was fraudulent and that he entered his first marriage for the purpose of evading immigration laws. This finding meant that Pak was ineligible to be a beneficiary of an immigration petition under 8 U.S.C. § 1154(c) (Immigration and Nationality ACT (INA) § 204(c)).

Plaintiffs appealed the denial of the Instant Petition to the BIA. Plaintiffs argued that because the USCIS had not made a marriage fraud finding in adjudicating Pak's 2011 I-130 petition, it was an error for the agency to apply the INA § 204(c) marriage fraud bar to Pak in the

PAGE 2 – OPINION AND ORDER

adjudication of the Instant Petition. The BIA upheld the USCIS' denial of the Instant Petition and dismissed Plaintiffs' appeal.

Before this Court, Plaintiffs challenge the denial of the Instant Petition and allege five claims against Defendants. Plaintiffs' first three claims allege procedural violations resulting from the USCIS' failure to provide the derogatory evidence on which it relied for its determination that Pak's first marriage was fraudulent. Plaintiffs' fourth and fifth claims challenge the USCIS' application of the marriage fraud bar in INA § 204(c) in an adjudication of a second I-130 petition when the agency previously made no affirmative finding of fraud. Plaintiffs allege that USCIS' application of the marriage fraud bar under these circumstances violates Fifth Amendment Due Process and is an agency action not in accordance with law under APA § 706(2)(A).

On June 23, 2021, USCIS filed a request with the BIA to reopen administrative review of Instant Petition and remand the matter to the USCIS for re-adjudication.[1] If the BIA grants the request, "USCIS will provide Plaintiffs the evidence Defendants relied on in concluding that Plaintiff Pak's first marriage was fraudulent; allow Plaintiffs to submit any rebuttal evidence; and re-adjudicate the I-130 Petition." ECF 38 at 2. Upon filing the request to remand with the BIA, Defendants moved to stay the proceedings before this Court to allow the agency to re-adjudicate the Instant Petition. In response, Plaintiffs moved to amend their complaint to clarify

---

[1] USCIS unilaterally filed the request to remand to comply with the holdings and standards set forth in *Zerezghi v. USCIS*, 955 F.3d 802 (9th Cir. 2020). In *Zerezghi*, the Ninth Circuit held that a petitioner's procedural due process rights are violated in an I-130 petition adjudication when the government uses undisclosed records to make a determination of marriage fraud. 955 F.3d at 809-10. In its decision on Plaintiffs' appeal in *Matter of Pak*, issued after *Zerezghi*, the BIA nevertheless referred to an undisclosed document as derogatory evidence supporting USCIS' determination. *Matter of Pak*, 28 I. & N. Dec. 113, 118 (BIA 2020).

their prayer for relief, and the Court granted Plaintiffs' motion and denied Defendants' Motion to Stay All Proceedings without prejudice.

Plaintiffs filed their Amended Complaint and Defendants filed a Renewed Motion to Stay All Proceedings (Renewed Motion to Stay). Plaintiffs agree that if the BIA remands the case to USCIS, the agency will have an opportunity to correct the mistakes identified in Plaintiffs' first, second, and third claims for relief. Plaintiffs therefore agree that the Court should stay litigation for those claims pending the outcome of the re-adjudication. Plaintiffs assert, however, that their fourth and fifth claims for relief are pure questions of law that will not be affected by the outcome on remand and ask the Court to decide those claims.

Plaintiffs' fourth claim for relief asks the Court to determine whether the USCIS' application of INA § 204(c) is unlawful in an adjudication of an I-130 petition for a petitioner's second marriage where there was no affirmative finding of fraud in a petitioner's first marriage. Plaintiffs argue that the analysis of this issue will not change based on the outcome on remand, because the USCIS has expressed its intention to apply INA § 204(c) to Plaintiffs in the re-adjudication of the Instant Petition.

Plaintiffs' fifth claim for relief asks the Court to determine whether USCIS acts in accordance with the APA when it sua sponte reopens and adjudicates a previously closed I-130 petition in a subsequent I-130 petition proceeding. Plaintiffs assert that in doing so, USCIS acts beyond its statutory authorization and disregards its own regulations' notice requirement for such an adjudication.

In connection with the fourth and fifth claims of relief, Plaintiffs ask the Court to overrule the precedent established in *Matter of Pak*, 28 I. & N. Dec. 113 (BIA 2020). Plaintiffs challenge the BIA's approval of the USCIS' actions as detailed above. As a published opinion, Plaintiffs

argue, *Matter of Pak* holds precedential weight and the USCIS will continue to apply its holding and principles to future I-130 petition adjudications.

## STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 591 F.2d 857, 863 (9th Cir. 1979)). The trial court's authority to stay "applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* (quoting *Levya*, 593 F.2d at 863-64). In exercising this discretion, the Ninth Circuit has explained that the district court must weigh competing interests, including

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## DISCUSSION

The parties dispute whether the Court should stay Plaintiffs' fourth and fifth causes of action. In considering Defendants' renewed motion to stay, the Court considers the *Landis* factors, as described by the Ninth Circuit in *CMAX* and *Lockyer*.

**A.  The Possible Damage to Plaintiffs if the Stay is Granted**

For the first prong, a court must consider the harm to the nonmoving party if the stay is granted. Here, Plaintiffs argue that the remand process is certain to take more than one year and might take several years. Lengthy or indefinite stays may create a "danger of denying justice by delay" because delay "inherently increases the risk the witnesses' memories will fade and evidence will become stale." *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc*., 490 F.3d 718, 724 (9th Cir. 2007).

Plaintiffs contend that their fourth and fifth claims for relief are pure questions of law. Plaintiffs argue that the factual record is not relevant to these claims and that is why the claims can be adjudicated even though the administrative record will change during the remand process. Because Plaintiffs assert that their fourth and fifth claims do not involve factual concerns that would implicate a risk of harm from faded memories and stale evidence, the Court is not persuaded that the potential length of the stay creates the harm to Plaintiffs for which this factor generally encompasses. And at this point, the BIA has not even agreed to the requested remand. Defendants request that the Court order a status report when the BIA issues its decision or 90 days, whichever is sooner. If the BIA denies the request, the stay could be short. The Court finds that this factor is, at most, neutral in the balance of the parties' competing interests.

**B.  Defendants' Hardship If Litigation Proceeds**

For the second prong, the moving party must make a "clear case of hardship or inequity" if the motion to stay is denied if there is even a fair possibility that the stay will work to damage the nonmoving party. *CMAX*, 300 F.2d at 268-69 (quoting *Landis*, 299 U.S. at 255). Defendants advance no argument about the potential hardship that they may suffer if the Court does not agree to grant the Renewed Motion to Stay. But as the Court stated above, it is not clear that

there is "even a fair possibility" that Plaintiffs will be damaged by the stay. Thus, this factor is also neutral in the balance of the parties' competing interests.

## C.  The "Orderly Course of Justice"

For the third prong, the orderly course of justice is "measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from the stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX*, 300 F.2d at 268). Determining whether to grant a stay of litigation pending related proceedings "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya*, 593 F.2d at 863-64. The issues need not be identical but need only to be simplified by granting a stay and awaiting a final ruling. *See Landis*, 299 U.S. at 254; *Cohen v. Carreon*, 94 F. Supp. 2d 1112, 1117 (D. Or. 2000).

The parties agree that the supplemented administrative record and changes being made during any potential re-adjudication affect Plaintiffs' first, second, and third claims for relief. Plaintiffs request that the Court stay those claims, but bifurcate the case and litigate Plaintiffs' fourth and fifth claims. Under Plaintiffs' proposal both the re-adjudication and the Court litigation will occur simultaneously. Plaintiffs contend that this is appropriate because the re-adjudication will not affect Plaintiffs' fourth and fifth claims. Defendants argue that on remand, the Instant Petition could be granted or it could be denied on grounds other than the application of INA § 204(c), either of which outcome would moot Plaintiffs' fourth and fifth claims in this lawsuit. Plaintiffs assert that any outcome other than the Instant Petition being denied on remand based on § 204(c) would take a "miracle." Plaintiffs' speculation that on re-adjudication the Instant Petition will not be granted or will not be denied on grounds other than Pak's first marriage being considered fraudulent is insufficient for the Court to deem the proceeding not to

bear on the fourth and fifth claims in this case. There are at least two outcomes that would directly bear on these claims, as Defendants have identified.

Plaintiffs' proposal to bifurcate this case and have both proceedings move forward, with the Court staying some claims and not others is not in the interest of the orderly course of justice. It is not an efficient use of the parties' or judicial resources. Additionally, there are several ways in which the administrative proceeding may have a direct bearing on this case. Although Plaintiffs may be subject to delay, in weighing all the factors and the circumstances of this case, the Court finds that a stay is warranted.

## CONCLUSION

The Court GRANTS Defendants' Renewed Motion to Stay (ECF 38). This case is STAYED pending the BIA's determination and any subsequent remand for further agency proceedings. Defendants shall notify the Court when the BIA has reached a decision on USCIS' motion to remand, or provide a status update in 90 days, whichever comes sooner.

**IT IS SO ORDERED.**

DATED this 29th day of October, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge